FILED
May 05, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003471378

3

1 JaVonne M. Phillips, Esq., SBN 187474
Brielyn Atwater, Esq., SBN 241596
2 **McCarthy & Holthus, LLP**
1770 Fourth Avenue
3 San Diego, CA 92101
Phone (619) 685-4800 Ext. 3916
4 Fax (619) 685-4810

5 Attorney for: Secured Creditor,
Residential Credit Solutions Inc., its assignees and/or successors
6

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Case No. 11-29361 |
| Raquel Ganpan Villafuerte, | ) DC No.: BRI-1 |
| Debtor. | ) Chapter 7 |
| Residential Credit Solutions Inc., its assignees and/or successors, | ) **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| Secured Creditor, | ) |
| v. | ) |
| Raquel Ganpan Villafuerte, Debtor; and Susan K. Smith, Chapter 7 Trustee, | ) Date: 06/13/2011<br>) Time: 10:00 AM<br>) Ctrm: Courtroom 28, Floor: 7th<br>) Place: 501 I Street<br>)        Sacramento, CA |
| Respondents. | ) Judge: Michael S. McManus |

Residential Credit Solutions Inc., its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing

moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor property, commonly known as 3032 Georgia Street, Vallejo, CA 94591, ("Property" herein). **See Exhibit "1"**.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

The current market value of the Debtor's subject Property is $104,000.00, based upon a current Brokers Price Opinion. **See Exhibit "4"**.

Other than Secured Creditor's Deed of Trust, the Debtor's subject Property is also encumbered by a Second Deed of Trust in favor of GreenPoint Mortgage Funding, Inc. in the approximate amount of $ 72,100.00 as set forth in Debtor's Trustee Sale Guarantee. **See Exhibit "5"**.

In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 104,000.00 |
| Total Liens to Secured Creditor | $ | 299,240.99 |
| Junior Liens | $ | 72,100.00 |
| Equity | $ | (267,340.99) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day described by Bankruptcy Rule 4001(a)(3) be waived.
3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.
4. For such other relief as the Court deems proper.
5. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.
6. Furthermore, Movant may contact the Debtor to comply with California Civil Code Section 2923.5.

Dated: May 5, 2011              McCarthy & Holthus, LLP


By: /s/ Brielyn Atwater
    Brielyn Atwater, Esq.
    Attorney for Secured Creditor
    Residential Credit Solutions Inc., its assignees and/or successors